UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

KATE DEAN,

    Plaintiff,

v.

BLUE HORIZON DEVELOPMENT, LLC, d/b/a
PRECISE PORTIONS,
EDWARD STEPHENS, and
ANN-MARIE STEPHENS,

    Defendants.

Civil Action No.:

COMPLAINT AND JURY DEMAND

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, KATE DEAN ("Dean" or "Plaintiff"), brings this complaint in the United States District Court for the Eastern District of Virginia against BLUE HORIZON DEVELOPMENT, LLC ("Blue Horizon"), EDWARD STEPHENS ("ES"), and ANN-MARIE STEPHENS ("AMS") (together "Defendants"), alleging as follows:

PARTIES

1. Plaintiff is a commercial photographer specializing in food photography. Plaintiff owns and operates www.ihearteating.com, a blog specializing in step-by-step recipes and accompanying photographs. In 2013, Plaintiff was named Huffington Post's Top 10 Bloggers. Plaintiff resides in Chandler, Missouri.

2. On information and belief, Blue Horizon is a Limited Liability Company existing under the laws of the Commonwealth of Virginia, with headquarters in Henrico, Virginia. Blue

Horizon owns, operates, and is solely responsible for the content on its commercial website, www.preciseportions.com.

3. On information and belief, ES is founder and co-owner of Blue Horizon.

4. On information and belief, AMS is founder and co-owner of Blue Horizon.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

6. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

7. This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants re subject to personal jurisdiction in this district.

8. Defendants are subject to personal jurisdiction in Virginia.

9. This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff captured the photograph, "Flourless Fudge Cookies" ("Copyrighted Photograph") on July 15, 2013. [Exhibit 1]. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy.

11. On August 18, 2013, Plaintiff posted Copyrighted Photograph to www.ihearteating.com/flourless-fudge-cookies-2 (Last visited March 8, 2021). [Exhibit 2].

12. Plaintiff attached a watermark reading "i he♡rt eating" to the bottom left corner of Copyrighted Photograph. [Exhibit 2].

13. Beginning on or about May 1, 2018, Defendants copied and posted Copyrighted Photograph to the Defendants' commercial website, www.preciseportions.com (Last visited August 1, 2018).

14. Defendants posted Copyrighted Photograph to the following URLs:

- www.preciseportions.com/flourless-fudge-cookies (Last visited August 1, 2018). [Exhibit 3].

- www.preciseportions.com/category/healthly-recipes (Last visited August 1, 2018). [Exhibit 4].

15. Defendants cropped out Plaintiff's "i he♡rt eating" watermark before posting Copyrighted Photograph to its commercial website. [Exhibits 3-4].

16. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on December 19, 2019 (Registration No.: VA 2-185-765). [Exhibit 5].

17. Defendants used Copyright Photograph as nearly full-page images to accompany the "Healthy Recipes" section of its commercial website. [Exhibit 3-4].

18. Defendants copied and posted Copyright Photograph without license or permission of Plaintiff.

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

19. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

20. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the

subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

21. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

22. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendants' commercial website, www.preciseportions.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

23. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24. Upon information and belief, ES and AMS are the dominant influences in Blue Horizon, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, ES and AMS are jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, ES and AMS maintained the right and ability to control the infringing activities of Blue Horizon, and had a direct financial interest in those activities by virtue of his ownership in the company and the profits derived from the direct sale of Blue Horizon's products and services. Accordingly, ES and AMS are vicariously liable for copyright infringement. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

25. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photograph.

<u>COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202</u>

26. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendants' public website, www.preciseportions.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

27. As a result of Defendants' actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: February 19, 2021

__/s/__*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*